**FILED**

UM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL - 1 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **14 CR 376** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United |
| MEDICOSE HOME HEALTH CARE | ) | States Code, Sections 371 and |
| SERVICE, INC., | ) | 1347, and Title 42, United |
| JOHN YOUSEFZAI, | ) | States Code, Sections 1320a- |
| ARMANOUHI ARZOMANIAN, and | ) | 7b(b)(1)(A) and 1320a- |
| WILSON NARSA | ) | 7b(b)(2)(A) |

JUDGE LEINENWEBER

MAGISTRATE JUDGE KIM

## COUNT ONE

The SPECIAL JANUARY 2014 GRAND JURY charges:

1.     At times material to this indictment:

### Background on Medicare

a.     Medicare was a health care benefit program, as defined in Title 18, United States Code, Section 24(b), which provided free or below-cost health care benefits to eligible beneficiaries, primarily individuals over the age of sixty-five.

b.     Medicare Part B was a component of Medicare coverage that helped pay for certain medically necessary physician services and out-patient services.

c.     Health care providers could apply for and obtain a Medicare provider number, enabling them to seek reimbursement for services provided to Medicare beneficiaries.

d.      Medicare Part B regulations required health care providers enrolled with Medicare to maintain complete and accurate medical records reflecting the medical assessment and diagnoses of their patients, as well as records documenting the actual treatment of the patients to whom services were provided and from whom claims for payment were submitted by the physician. These records were required to be sufficient to permit Medicare to review the appropriateness of Medicare payments made to the health care provider under the Part B program.

e.      Providers could submit claims to Medicare only for services rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

f.      When making a claim, the Medicare provider was required to provide certain information, including the patient's name and address, a description of the medical service provided to the patient, the date on which the service was provided, and the Medicare payment code associated with that service.

g.      Medicare contracted with Wisconsin Physician Services and National Government Services to process Medicare claims submitted for Part B services for beneficiaries in Illinois.

2

### The Defendants

h.     Defendant Medicose Home Health Care Service, Inc., which maintained an office in Skokie, Illinois, was enrolled as a Medicare provider and offered in-home medical services, among other services, to patients in and around the Northern District of Illinois.

i.     Defendants John Yousefzai and Armanouhi Arzomanian owned and operated defendant Medicose. Neither Yousefzai nor Arzomanian was licensed to practice medicine in Illinois.

j.     Defendant Medicose employed Physicians A, B, C, and D, who were licensed physicians in Illinois.

k.     Between in or around May 2008 and in or around January 2014, defendant Medicose sought reimbursement exceeding $2,100,000 from Medicare for physician home visits, and Medicare paid Medicose more than $1.4 million for physician home visits.

2.     Beginning no later than in or around May 2008 and continuing at least through in or around January 2014, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,
JOHN YOUSEFZAI, and
ARMANOUHI ARZOMANIAN,

3

defendants herein, participated in a scheme to defraud a health care benefit program, namely Medicare, and obtained, by means of materially false and fraudulent pretenses, representations, and promises, money under the custody and control of that program, in connection with the delivery of and payment for health care benefits and services, which scheme is further described below.

3.     It was part of the scheme that defendants Medicose, Yousefzai, and Arzomanian submitted, and caused to be submitted, over $1,300,000 in fraudulent claims for payment to Medicare that falsely represented that certain reimbursable medical services were provided to patients by Physicians A, B, C, and D, knowing that those services were not actually provided by such physicians.

4.     It was further part of the scheme that defendants Medicose, Yousefzai, and Arzomanian caused to be transferred and disbursed fraudulent proceeds from the corporate bank accounts of defendant Medicose for the personal benefit of defendants Yousefzai and Arzomanian.

5.     It was further part of the scheme that defendants Medicose, Yousefzai, and Arzomanian misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

4

6. As a result of the fraudulent scheme, defendants Medicose, Yousefzai, and Arzomanian caused the loss of over $800,000 to Medicare.

7. On or about October 19, 2012, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,
JOHN YOUSEFZAI, and
ARMANOUHI ARZOMANIAN,

defendants herein, knowingly and willfully executed the scheme by submitting and causing to be submitted to Medicare a claim seeking payment for services allegedly rendered by a Medicose physician regarding Patient EK on October 19, 2012, knowing that such services had not been provided on or about that day;

In violation of Title 18, United States Code, Section 1347.

## COUNT TWO

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.     Paragraphs 1 through 6 of Count One are incorporated here.

2.     On or about May 1, 2013, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

**MEDICOSE HOME HEALTH CARE SERVICE, INC.,**
**JOHN YOUSEFZAI, and**
**ARMANOUHI ARZOMANIAN,**

defendants herein, knowingly and willfully executed the scheme by submitting and causing to be submitted to Medicare a claim seeking payment for services allegedly rendered by a Medicose physician regarding Patient KD on January 14, 2013, knowing that such services had not been provided on or about that day;

In violation of Title 18, United States Code, Section 1347.

6

## COUNT THREE

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.    Paragraphs 1 through 6 of Count One are incorporated here.

2.    On or about July 24, 2013, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,
JOHN YOUSEFZAI, and
ARMANOUHI ARZOMANIAN,

defendants herein, knowingly and willfully executed the scheme by submitting and causing to be submitted to Medicare a claim seeking payment for services allegedly rendered by a Medicose physician regarding Patient YS on July 12, 2013, knowing that such services had not been provided on or about that day;

In violation of Title 18, United States Code, Section 1347.

7

## COUNT FOUR

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.     Paragraphs 1 through 6 of Count One are incorporated here.

2.     On or about July 24, 2013, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,<br>
JOHN YOUSEFZAI, and<br>
ARMANOUHI ARZOMANIAN,

defendants herein, knowingly and willfully executed the scheme by submitting and causing to be submitted to Medicare a claim seeking payment for services allegedly rendered by a Medicose physician regarding Patient BS on May 25, 2013, knowing that such services had not been provided on or about that day;

In violation of Title 18, United States Code, Section 1347.

## COUNT FIVE

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.    Paragraphs 1 through 6 of Count One are incorporated here.

2.    On or about August 9, 2013, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,
JOHN YOUSEFZAI, and
ARMANOUHI ARZOMANIAN,

defendants herein, knowingly and willfully executed the scheme by submitting and causing to be submitted to Medicare a claim seeking payment for services allegedly rendered by a Medicose physician regarding Patient AI on May 13, 2013, knowing that such services had not been provided on or about that day;

In violation of Title 18, United States Code, Section 1347.

9

## COUNT SIX

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.     Paragraphs 1(a), (b), (g), (h), and (i) of Count One are incorporated here.

2.     At times material to this indictment:

      a.     The federal healthcare program anti-kickback statute, 42 U.S.C. § 1320a-7b(b), prohibited the offer and payment, as well as the solicitation and receipt, of remunerations in return for the referral of patients for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a federal health care program.

      b.     Defendant Wilson Narsa was employed by Company A, an Illinois non-profit organization that, among other things, provided services to the elderly and disabled, many of whom were eligible for Medicare.

3.     Beginning no later than in or around December 2010 and continuing at least through in or around August 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,
JOHN YOUSEFZAI,
ARMANOUHI ARZOMANIAN, and
WILSON NARSA,

defendants herein, together with others known and unknown to the Grand Jury, conspired:

(a)  to knowingly and willfully offer and pay remunerations, including kickbacks and bribes, directly and indirectly, overtly and covertly, from defendant Medicose to defendant Narsa and others to induce them to refer patients to Medicose for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A); and

(b)  to knowingly and willfully solicit and receive remunerations, including kickbacks and bribes, directly and indirectly, overtly and covertly, from defendant Medicose to defendant Narsa and others in return for referring patients to Medicose for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

4.  It was part of the conspiracy that defendants Medicose, Yousefzai, and Arzomanian agreed to and did pay kickbacks to defendant Narsa and others in return for the referral of Medicare-insured patients to Medicose.

11

5.    It was further part of the conspiracy that defendants Medicose, Yousefzai, and Arzomanian caused Medicose to pay kickbacks to defendant Narsa and others in order to induce patient referrals and increase the patient census at Medicose, which, in turn, enriched defendants Medicose, Yousefzai, and Arzomanian.

6.    It was further part of the conspiracy that defendant Narsa received kickback payments from defendant Medicose, which were arranged by defendants Yousefzai and Arzomanian, for Medicare patients that defendant Narsa referred to Medicose.

7.    It was further part of the conspiracy that defendant Narsa provided defendants Medicose, Yousefzai, and Arzomanian with lists of individuals who received services from Company A in order to assist defendants Yousefzai and Arzomanian with identifying potential patients for defendant Medicose.

## Overt Acts

8.    On or about the dates specified below, in the Northern District of Illinois and elsewhere, defendants Medicose, Yousefzai, and Arzomanian caused kickback payments to be made to defendant Narsa in exchange for the referral of patients to defendant Medicose, each of which constituted an overt act in furtherance of the conspiracy:

12

| Payment Date | Amount |
|---|---|
| December 14, 2010 | $1,000 |
| January 25, 2011 | $1,000 |
| March 1, 2011 | $500 |
| April 16, 2011 | $500 |
| June 3, 2011 | $1,000 |
| June 3, 2011 | $1,000 |
| August 2, 2011 | $500 |
| October 31, 2011 | $1,000 |
| December 16, 2011 | $500 |
| March 9, 2012 | $500 |
| July 6, 2012 | $1,000 |
| December 18, 2012 | $1,000 |
| April 8, 2013 | $500 |
| June 3, 2013 | $500 |
| August 8, 2013 | $500 |

All in violation of Title 18, United States Code, Section 371.

## COUNT SEVEN

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.     Paragraphs 1(a), (b), (g), (h), and (i) of Count One and Paragraph 2 of Count Six are incorporated here.

2.     On or about December 18, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,
JOHN YOUSEFZAI, and
ARMANOUHI ARZOMANIAN,

defendants herein, knowingly and willfully caused defendant Medicose to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $1,000 from Medicose, in the form of a Medicose operating account check, bearing check number 1041, dated December 18, 2012, made payable to defendant Narsa, to induce Narsa to refer patients to Medicose for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT EIGHT

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraphs 1(a), (b), (g), (h), and (i) of Count One and Paragraph 2 of Count Six are incorporated here.

2. On or about December 18, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILSON NARSA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $1,000 from defendant Medicose, in the form of a Medicose operating account check, bearing check number 1041, dated December 18, 2012, made payable to defendant Narsa, in return for Narsa referring patients to Medicose for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT NINE

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.    Paragraphs 1(a), (b), (g), (h), and (i) of Count One and Paragraph 2 of Count Six are incorporated here.

2.    On or about August 8, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

**MEDICOSE HOME HEALTH CARE SERVICE, INC.,**
**JOHN YOUSEFZAI, and**
**ARMANOUHI ARZOMANIAN,**

defendants herein, knowingly and willfully caused Medicose to offer and pay, directly and indirectly, overtly and covertly, remuneration in the amount of $500 from defendant Medicose, in the form of a Medicose operating account check, bearing check number 1104, dated August 8, 2013, made payable to defendant Narsa, to induce Narsa to refer patients to Medicose for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

16

## COUNT TEN

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1.      Paragraphs 1(a), (b), (g), (h), and (i) of Count One and Paragraph 2 of Count Six are incorporated here.

2.      On or about August 8, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILSON NARSA,

defendant herein, knowingly and willfully solicited and received, directly and indirectly, overtly and covertly, remuneration in the amount of $500 from defendant Medicose, in the form of a Medicose operating account check, bearing check number 1104, dated August 8, 2013, made payable to defendant Narsa, in return for Narsa referring patients to Medicose for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## FORFEITURE ALLEGATION ONE

The SPECIAL JANUARY 2014 GRAND JURY alleges:

1.      Counts One through Seven and Count Nine are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.      As a result of their violations of Title 18, United States Code, Sections 371 and 1347, and Title 42, United States Code, Section 1320a-1320a-7b(b)(2)(A), as alleged in the indictment,

MEDICOSE HOME HEALTH CARE SERVICE, INC.,
JOHN YOUSEFZAI, and
ARMANOUHI ARZOMANIAN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title and interest they may have in any property, real and personal, that constitutes and is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense.

3.      The interests of defendants Medicose, Yousefzai, and Arzomanian subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7) include, but are not limited to, at least $800,000.

4.      If any of the forfeitable property described above, as a result of any act or omission by the defendants:

18

a.     Cannot be located upon the exercise of due diligence;

b.     Has been transferred or sold to, or deposited with, a third party;

c.     Has been placed beyond the jurisdiction of the Court;

d.     Has been substantially diminished in value; or

e.     Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, including but not limited to, the following property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c): The real property commonly known as 1130 Ashland Avenue, Wilmette, Illinois, legally described as follows:

THE WEST 50 FEET OF LOT 7 IN BLOCK 12 IN GAGE'S ADDITION TO WILMETTE IN SECTION 27, TOWNSHIP 40 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PIN: 05-27-303-010.

All pursuant to Title 18, United States Code, Section 982(a)(7).

## FORFEITURE ALLEGATION TWO

The SPECIAL JANUARY 2014 GRAND JURY further alleges:

1.      Counts Six, Eight, and Ten are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.      As a result of his violations of Title 18, United States Code, Section 371, and Title 42, United States Code, Section 1320a-7b(b)(1)(A), as alleged in the indictment,

### WILSON NARSA,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title and interest they may have in any property, real and personal, that constitutes and is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense.

3.      The interests of defendant Narsa subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7) include, but are not limited to, at least $11,000.

4.      If any of the forfeitable property described above, as a result of any act or omission by the defendants:

        a.      Cannot be located upon the exercise of due diligence;

20

b.    Has been transferred or sold to, or deposited with, a third party;

c.    Has been placed beyond the jurisdiction of the Court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

21